**In Re Anonymous No. 2 D.B. 76**

Disciplinary Board Docket No. 2 D.B. 76.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

HELWIG, *Member,* June 10, 1984—Pursuant to Pennsylvania Rules of Disciplinary Enforcement No. 218(c)(5) and Disciplinary Board Rule 89.273(a)(5), the board submits to the Supreme Court the following findings and recommendation

for use in its review of the above petition for reinstatement:

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, [    ], voluntarily resigned from the Bar in 1972 after having pleaded guilty to various counts of federal securities fraud for which he received a sentence of five years' probation from the United States District Court for the [     ] District of Pennsylvania. [A], Inc. v. Disciplinary Board of the Supreme Court of Pennsylvania, [   ] Pa. [   ], [   ] A.2d [   ] (1976). After petitioner's probation was terminated, he filed an application for reinstatement in 1976. The matter was referred to a hearing committee which, after extensive hearings, submitted a report in September, 1977 recommending that petitioner be reinstated. No exceptions were filed to this report either by petitioner or by Chief Disciplinary Counsel and in November, 1977, the Disciplinary Board also recommended that petitioner be reinstated. In January, 1978, the Supreme Court, without opinion, rejected the recommendation and denied reinstatement. Mr. Justice Pomeroy and Mr. Justice Manderino dissented without opinion.

In December, 1978, petitioner filed a second petition for reinstatement. This petition was submitted to the hearing committee which, after extensive testimony in 1979 and 1980, in February, 1981 filed a report recommending reinstatement. After review, the Disciplinary Board recommended that petitioner be reinstated. However, the Supreme Court by Order dated October 23, 1981, again without opinion, denied petitioner's request for reinstatement.

In August, 1983, petitioner filed a third petition for reinstatement which is now presently before the

court. By report filed April 17, 1984, the hearing committee recommended that petitioner be reinstated. (A copy of the hearing committee report is attached hereto.) No exceptions were filed to the report by Disciplinary Counsel and the matter came before the Disciplinary Board for review on May 23, 1984. After review, the members present voted unanmimously to accept the recommendation of the hearing committee that reinstatement be granted.

## DISCUSSION

The board has noted that the court rejected two previous recommendations that petitioner be reinstated and, therefore, made a searching review of the record in an effort to determine what factors influenced the court's earlier decisions and whether those considerations should still be applicable.

It is possible that petitioner's first application may have been considered to be premature, given the serious nature of the charges to which he had pleaded guilty and the policy of the court as reflected by the requirement of Enforcement Rule 218(b) that five years pass before reinstatement can be sought. However, this factor would not have been applicable to petitioner's second application in 1978 or to the present application.

The board also considered the court's rejection of petitioner's earlier request for reinstatement may have resulted from concern about the possibility that petitioner may have obtained some windfall benefits related in some way to the serious misconduct which resulted in petitioner's conviction and disbarment and that the retention of these benefits may have reflected upon petitioner's integrity or moral qualifications.

However, these matters were specifically addressed by the hearing committee which heard petitioner's present application. At hearings on this application, Disciplinary counsel questioned petitioner extensively concerning his satisfaction of a debt of approximately $1,200,000 by the payment of $32,500 in April of 1979 and his netting almost $800,000 in October, 1979 in connection with the sale of certain insurance company stock. However, the hearing committee specifically concluded after such review that petitioner's explanation was "clear and concise", that petitioner had not been guilty in any way of any concealment or misrepresentation in connection with the negotiation of the April, 1979 debt settlement, and that the windfall benefits he received in the fall of 1979 were entirely fortuitous. The board, after review of the hearing committee report and of the record of testimony, concurs in this conclusion and evaluation.

## FINDINGS OF FACT

1. Petitioner is married with three children and three grandchildren. He will be 71 years of age on his next birthday, July 10, 1984.

2. Petitioner resigned from the Supreme Court of Pennsylvania on April 28, 1972 following his entry of a plea of guilty in the United States District Court to charges of violations of federal security laws.

3. Prior to his resignation from the practice of law in 1972, petitioner had no prior history of misconduct and had enjoyed a reputation as a lawyer of extraordinary intelligence and ability since his admission to the bar in 1938.

4. Since the date of his resignation, petitioner has not held himself out as an attorney and has not

engaged in any illegal, unethical or improper conduct. There is no pending investigation or disciplinary action against petitioner. However, petitioner, in this period, has kept abreast of changes in the law by doing legal research, preparing briefs and memoranda for other attorneys under a corporate entity known as [    ] and has served as Administrator-Director of the [    ]. Petitioner has likewise kept abreast of changes in the law by regularly reviewing advance sheets and legal periodicals. In addition, petitioner has authored several books and articles in various publications and has remained active in community affairs, including the association of [    ].

5. The board has reviewed the record of these proceedings, including the testimony taken before each of the three hearing committees which have considered petitioner's applications for reinstatement and has concluded that petitioner has demonstrated by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that petitioner's resumption of the practice of law within the Commonwealth will not be detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interests.

6. Petitioner has by clear and convincing evidence met his burden of proof for reinstatement under the rules of disciplinary enforcement.


## RECOMMENDATION

The board unanimously recommends that petitioner be reinstated, upon his payment of expenses taxable under Disciplinary Board Rule 89.278.

KENNEDY, *Chairman*, June 10, 1984—

## REPORT OF
## THE THIRD HEARING COMMITTEE
### I. PROCEDURAL HISTORY

Petitioner's resignation from the courts of Pennsylvania was accepted by the Supreme Court on April 28, 1972.

The resignation followed conviction in October 1971 of petitioner by the Federal Courts for violation of the Federal Securities Act for which he received a sentence of probation for five years from the United States District Court for the [   ] District of Pennsylvania. Petitioner's probation was terminated in October 1975.

A Petition for Reinstatement was filed January 26, 1976. On March 11, 1976, the matter was referred for a reinstatement hearing to a hearing committee consisting of [   ].

The reinstatement hearing was stayed while the issues of the authority of the Disciplinary Board, in its discretion to conduct a reinstatement hearing in private, was tested before the Supreme Court of Pennsylvania. [A], Inc. and [B] v. The Disciplinary Board of the Supreme Court of Pennsylvania and [Petitioner], [   ] Pa. [   ], [   ] A.2d [   ] (1976).

Hearings by the original committee were then held on September 14, 1976, September 20, 1976, and October 18, 1976. Petitioner was represented by counsel.

On September 28, 1977, the hearing committee filed its report recommending that petitioner be reinstated. By a letter dated October 14, 1977, Chief Disciplinary Counsel advised The Disciplinary Board he would not file exceptions to the report of

the hearing committee. No exceptions were filed by petitioner.

In November 1977, the Disciplinary Board recommended that petitioner be reinstated.

On January 9, 1978, the Supreme Court of Pennsylvania, in an order of that date and without opinion, rejected the recommendation of the Disciplinary Board and denied the petition for reinstatement. Mr. Justice Pomeroy and Mr. Justice Manderino dissented without opinion stating only that they would accept the recommendation of the board.

In December 1978, petitioner filed a second petition for reinstatement. This case was submitted to the hearing committee consisting of [   ].

The hearing committee met and took testimony on April 11, 1979, April 18, 1979 and April 17, 1980. The transcript of these proceedings was a continuation of the pages numbered from the first hearing. Petitioner was represented by counsel before the hearing committee.

On February 23, 1981, the hearing committee filed its report recommending reinstatement. On March 10, 1981, the report of the hearing committee was referred to the Disciplinary Board for review. The Disciplinary Board of the Supreme Court of Pennsylvania on May 27, 1981 filed its report and recommendations that petitioner be reinstated.

Thereafter the Supreme Court reviewed the matter and by order dated October 23, 1981 rejected the recommendation of the Disciplinary Board and the hearing committee and denied reinstatement of petitioner.

On August 1, 1983, petitioner filed his third petition for reinstatement. Thereafter, the matter was referred to this hearing committee for review. The third hearing committee consisted of [   ].

Thereafter, on February 15, 1984, this hearing committee took testimony. The transcript of these proceedings is a continuation of the previous proceedings from the first and second hearings. Petitioner was represented by counsel before this committee.

## II. APPLICABLE RULES
## OF DISCIPLINARY ENFORCEMENT

Prior proceedings were conducted under Rule 17-18 which is now Rule 218, Pennsylvania Rules of Disciplinary Enforcement.

The issue before the instant committee is set forth in Rule 218(3)(i) and (ii) which provides:

"(3) The hearing committee shall promptly schedule a hearing at which:

(i) A disbarred or suspended attorney shall have the burden of demonstrating by clear and convincing evidence that such person has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that the resumption of the practice of law within the Commonwealth by such person will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

(ii) A formerly admitted attorney who has been on inactive status shall have the burden of demonstrating that such person has the moral qualifications, competency and learning in the law required for admission to practice in the Commonwealth."

## III. DISCUSSION

Petitioner's evidence before this committee related primarily to his activities since the date of the last hearing.

The history of the case is set forth above and will not be reiterated herein.

Petitioner's evidence clearly established that he has not been engaged in the practice of law since his resignation. Although, he has an office in the same firm with which he was affiliated prior to his resignation, he is not held out to be a lawyer. His name has been removed from the door and stationery of the firm. He does not see clients and does not give legal advice, even to members of his own family. His name is not in the legal directory.

In the approximately 12 years since his resignation, we are satisfied that he has not held himself out as a lawyer and has attempted to keep abreast with the law and its ever changing facets since the date of his resignation.

It is obvious from the testimony and the panel is so satisfied that petitioner has met his burden in establishing that he is competent and learned in the law. During the period of his resignation he not only has kept abreast of changes in the law by doing research and brief writing for other lawyers, but has been involved in editing news letters for such organizations as [ ].

This organization consists of lawyers that belong to organizations involving First Amendment litigation and rights of parties. Petitioner arranges a bulletin for this organization as well as disseminating opinions and other memorandum to the members of the association. Petitioner has likewise kept abreast of changes in the law by regularly reviewing advance sheets and legal periodicals including Law Review articles.

The evidence also establishes that petitioner has the moral qualifications for readmission and that

readmission will not be detrimental to the integrity and standing of the bar or to the administration of justice. Petitioner enjoyed a substantial reputation prior to his resignation as a lawyer of extraordinary intelligence and industry. He recognizes the acts to which he pled guilty as being wrong and serious violations of the law. He has since his resignation, been active in community affairs.

Disciplinary counsel explored several areas of concern during the hearing. Including, but not limited to, petitioner's tax returns and particular personal property returns. Petitioner has stated that he held stock in an insurance company known as [C]. After questioning by Disciplinary Counsel concerning the satisfaction of an outstanding obligation of approximately $1,200,000 for $32,500, petitioner's explanation was clear and concise. His explanation was accepted by the hearing committee as fortuitous in that in April 1979 after extensive negotiations with [D] counsel for the trustee in the bankruptcy case petitioner settled the $1,200,000 judgment for $32,500. Subsequently, in October 1979, [C] was sold to [E] Corporation netting to petitioner the sum of $794,229.90. Shortly after this sale took place, petitioner met with [D] and reviewed the documents concerning the sale and satisfied [D] that the change of financial circumstances was fortuitous and in no event did petitioner deceive or otherwise make any misstatements to [D] in the negotiations and the subsequent settlement of the claim. The panel was particularly impressed by the fact that the Honorable [F], Judge of the United States District Court for the [ ] District of Pennsylvania wrote a letter urging his reinstatement.

## IV. FINDINGS OF FACT

The panel makes the following findings of fact:

1. Petitioner resigned from the Supreme Court of Pennsylvania on April 28, 1972 following a plea of guilty in the United States District Court to charges of various federal securities violations.

2. Petitioner enjoyed a reputation prior to his resignation from the Supreme Court of Pennsylvania as a law student and later as a lawyer of extraordinary intelligence.

3. Petitioner was a partner in a law firm before his resignation and after his resignation, continued to occupy the same office, but paid rent therefor for several years. The rent was discontinued when permanent space was no longer provided to petitioner.

4. Petitioner since the date of his resignation, has not held himself out to be an attorney, nor practiced law.

5. Petitioner, during the period of his resignation, has kept abreast of changes in the law by doing legal research, preparing briefs and memoranda for other attorneys under a corporate entity known as [   ] at the rate of $25 per hour; regularly reviewed advance sheets and legal periodicals; and served as Administrative Director of the [   ].

6. Petitioner has authored the following books and articles: "[   ]" (1972), "[   ]" (1973), "[   ]" (a biography of [   ]), "[   ]" (1977), weekly columns on censorship, [   ], and unusual and interesting legal problems in [   ], [   ], [   ] and others, articles on [   ] in [   ], series of columns for a Chicago tabloid, and numerous long and short unpublished scripts.

7. Petitioner is married with three children and three grand-children.

8. Petitioner will be 71 years of age on his next birthday, July 10, 1984.

9. Petitioner remains active in community affairs including the [   ].

10. Petitioner stated that he did not benefit personally from the transactions which resulted in his conviction and there is no evidence to the contrary.

11. There is no evidence that petitioner during the period of his resignation engaged in any illegal, unethical or improper conduct nor are there any pending investigations or disciplinary actions against petitioner.

## V. CONCLUSIONS OF LAW

The panel finds that petitioner has by clear and convincing evidence met his burden of proof for reinstatement under the Rules of Disciplinary Enforcement.

## VI. RECOMMENDATION

The panel unanimously recommends that petitioner be reinstated.

## ORDER

NIX, *C.J.*, And now, this July 13, 1984, the recommendation of the Disciplinary Board dated June 28, 1984, is accepted, and the petitioner for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.